## HOTCHKISS *v.* ARTISANS' BANK.

September, 1866.

Affirming 42 *Barb.* 517.

A package of money addressed to " T., cashier of the A. bank," is duly delivered, so as to discharge the carrier from liability, by delivering it to a clerk or receiving teller while he is acting behind the counter of the bank in discharge of his duties as teller, and who had previously received a similar package which the bank had credited on their books accordingly.

Calvin Hotchkiss and L. B. Hotchkiss sued the Artisans' Bank, in the supreme court, to recover fifteen hundred dollars alleged to have been deposited by plaintiffs with defendants.

The facts are stated in the opinion. Plaintiffs had judgment.

*The supreme court*, at general term, on appeal from the judgment, held that the bank, by placing Shotwell behind the railing, and permitting him to act there as assistant receiving teller, presented or held him out to the express agent as authorized to receive the package; at least for the purpose of

delivering it to the cashier. Reported in 42 *Barb.* 517. Defendants appealed to this court.

*A. Prentice*, for defendants, appellants;—That Shotwell was plaintiffs' agent for the purpose of handing the package to defendants' cashier, cited Bank of the State of N. Y. *v.* Farmers' Branch Bank, 36 *Barb.* 332; Mechanics' Bank *v.* N. Y. & N. H. R. R. Co., 13 *N. Y.* 632; Claflin *v.* Farmers' and Citizens' Bank, 25 *Id.* 293; Weissers *v.* Dennison, 10 *Id.* 68.

*Barlow & Hyatt*, for plaintiffs, respondents;—That Shotwell was authorized to receive the money package, cited Summers *v.* Solomon, 7 *Ellis & B.* 879; Sweet *v.* Barney, 23 *N. Y.* 335; Wood *v.* Auburn & Rochester R. R. Co., 8 *Id.* 160; Prescott *v.* Flynn, 9 *Bing.* 19; Johnson *v.* Jones, 4 *Barb.* 372; Dows *v.* Green, 16 *Id.* 72; S. C., on appeal, 32 *Id.* 490.

HUNT, J.—This is an action to recover the sum of fifteen hundred dollars, claimed to have been sent by the plaintiffs to the defendants, and delivered to them at their banking house, in the city of New York, and which has never been repaid to the plaintiffs. The plaintiffs were bankers in the western part of this State, and kept an account with defendants in the city of New York, remitting money or securities, and making drafts from time to time, as their convenience required. On September 28, 1860, the plaintiffs sent by express a package containing fifteen hundred dollars, directed to "R. A. Tooker, cashier of the Artisans' Bank, New York." The package was delivered on the 29th to the assistant receiving teller of the bank, he being at the time behind the counter, and acting in the discharge of his duties as such teller, and who then and there receipted the same on the book of the express company. The same teller had, on September 22, received and given a receipt in the express company's boo for another money package, similarly addressed, and which was credited to the plaintiffs. The package in question never reached the hands of the cashier, and was never credited to the plaintiffs. The cashier was in the bank and in his own room at the time of the delivery of the package to the receiving teller. The referee gave judgment

for the plaintiffs, which was affirmed by the general term of the first district.

The case of Sweet *v.* Barney, 23 *N. Y.* 335, is decisive of the defendant's liability. The delivery of the money package in that case was made to the porter of the People's Bank, at the express office, and not at the bank with which he was connected, and to which the package was addressed. The package was addressed "People's Bank, 173 Canal-street, New York." It was proved that the porter had for many years been in the service of the bank, that he was accustomed to receive money brought by the express company, at the bank, at the clearing house, and at the express office. He was also accustomed to act for the bank, in making exchanges and collections, and acted as its representative at the clearing house, at a desk labeled "People's Bank," and had often received packages of money from the defendants, addressed to the People's Bank and given receipts for the same. The express office was in the same building with the clearing house, and the porter requested the company to keep the packages for the People's Bank till he called for them. They did so, and he regularly called for them and gave receipts for them. Numerous other packages for the People's Bank had been delivered to the porter, within a few days previously, without objection on the part of the bank. The package was stolen from the porter after its delivery to him. It was held that this constituted a complete delivery to the bank.

In the present case, the package was delivered to one invested with the apparent authority to receive it. He stood behind the defendants' counter, acting as their agent, and in the very business of receiving such money as its dealers should desire to pay to or deposit with them. The superscription of the package informed its bearer that it was for and to be delivered to the Artisans' Bank. The name of the cashier involved no more necessity to deliver it to that officer, than if it had been directed, as in case of Barney *v.* Sweet, *supra*, to the bank simply. The bearer delivered it to the acting receiving teller of the bank, to whom he had a few days previously delivered a similar valuable package, and which was duly credited to the plaintiffs. The delivery to the defendants was complete, and as they do not

claim to have repaid the money, they are liable for the amount, with interest.

All the judges concurred.

Judgment affirmed, with costs.